## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Fairview Health Services, Inc.,                                              Civil No. 05-195 (PAM/RLE)

        Plaintiff,

v.                                                                          **MEMORANDUM AND ORDER**

Christian Community Homes and Services, Inc.,

        Defendant.

_____

GuideOne Elite Insurance Company,                                           Civil No. 05-688 (PAM/RLE)

        Plaintiff,

v.

Christian Community Homes and Services, Inc.,
and Fairview Health Services, Inc.,

        Defendants.

_____

This matter is before the Court on motions concerning issues of insurance coverage: a Motion to Intervene and Stay filed by GuideOne Elite Insurance Company ("GuideOne") in Civil File No. 05-195 ("Liability Action") and a Motion to Stay and a Motion to Dismiss filed by Fairview Health Services, Inc. ("Fairview") in Civil File No. 05-688 ("Coverage Action").

**BACKGROUND**

Dolly Bollig was employed by Christian Community Homes and Services, Inc. ("CCHS"). As part of her employment with CCHS, she and her son were covered by CCHS's health insurance plan. Her son received treatment by Fairview, and CCHS has allegedly refused

to pay Fairview for these medical expenses. Fairview then filed the Liability Action against CCHS.

At the time of Bollig's son's treatment, CCHS had a general liability policy with GuideOne. CCHS tendered defense to GuideOne. GuideOne accepted this defense under a strict Reservation of Rights but denied that the policy covered CCHS's claims. In April 2005, GuideOne filed a separate action for declaratory relief to resolve the issue of insurance coverage. In May 2005, GuideOne filed a Motion to Intervene and Stay the Liability Action, pending a determination of coverage. Fairview has filed two motions in the Coverage Action: a Motion to Stay and a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

**DISCUSSION**

This case presents the unique situation where the parties cannot agree on the most efficient and effective manner to resolve this dispute. Thus, the parties have burdened the Court with motions that detract from a common-sense approach to resolution. The bottom line is that Fairview seeks payment for services rendered. The current disputes focus on whether CCHS or GuideOne is liable for these payments, and when this coverage determination should be made in relation to the Liability Action. In sum, the Court finds that all of the parties' motions seek relief that is inappropriate.

A.      **Duty to Defend and Duty to Indemnify**

Although the parties' briefs focus on the procedural aspects of the Motions, the Court finds that a discussion of Wisconsin insurance law and policy is appropriate.[1]   Insurance policies impose on the insurer the duty to defend and the duty to indemnify the insured.   "The duty to indemnify and the duty to defend are interrelated but the duty to defend is broader." U.S. Fire Ins. Co. v. Green Bay Packaging, Inc., 66 F. Supp. 2d 987, 996 (E.D. Wis. 1999). Indeed, an insurer's duty to defend arises if the complaint "alleges facts which, if proven, would give rise to liability covered under the terms and conditions of the policy."   Sola Basic Indus. v. U.S. Fid. & Guar. Co., 280 N.W.2d 211, 213 (Wis. 1979).   "Whether an insurance company owes a duty to defend is a legal issue resolved by the court."   Nowacki v. Federated Realty Group, Inc., 36 F. Supp. 2d 1099, 1103 (E.D. Wis. 1999).   On the other hand, the duty to indemnify "is narrower than the duty to defend because the duty only arises once coverage has been established, as opposed to the potential for coverage.   Id.   "A duty to indemnify exists if acts occur that are insured against."   U.S. Fire Ins. Co., 66 F. Supp. 2d at 999.   This requires an evaluation of the underlying conduct in light of the language of the insurance policy.   See Valley Bancorp. v. Auto Owners Ins. Co., 569 N.W.2d 345, 348-49 (Wis. Ct. App. 1997).

Under Wisconsin law,if an insurer breaches its duty to defend, severe consequences result.   See Newhouse v. Citizens Sec. Mut. Ins. Co., 501 N.W.2d 1 (Wis. 1993).   For example, if an insurer wrongfully refuses to defend, it is subsequently precluded from challenging

---

[1]  The parties do not appear to dispute that Wisconsin substantive law applies.

coverage and thus liable for damages awarded against the insured.   Prof'l Office Bldgs., Inc. v. Royal Indem. Co., 427 N.W.2d 427, 431 (Wis. Ct. App. 1988).   If the insurer defends under a reservation of rights, it might be forced to pay attorney fees for which it may not be liable for under the terms of the policy.   See United States v. Thorson, 219 F.R.D. 623, 626-27 (W.D. Wis. 2003).   If the insurer defends without a reservation of rights, the insurer waives policy defenses and cannot subsequently challenge coverage. See id.

Thus, the insurer must proceed cautiously when tendered with defense of a claim. Wisconsin courts have broadly discussed various procedures that insurers may utilize in an effort to preserve their right to contest coverage while simultaneously not breaching their duty to defend.   In particular, an insurer and insured may enter into an agreement in which the insurer agrees to defend but the insured acknowledges that the insurer may later contest coverage.   See Grube v. Daun, 496 N.W.2d 106, 122-23 (Wis. Ct. App. 1992).   If the insurer is not a party to the underlying action, it may seek to intervene and stay the liability action pending a determination on coverage.   See Thorson, 219 F.R.D. at 626.   The insurer may also file a separate declaratory judgment action on the coverage issue.   See id.

Thus, coverage disputes should be addressed prior to liability.   See e.g., Newhouse, 501 N.W.2d at 5-6; Grube, ;496 N.W.2d at 122-23; see also Gardner v. Romano, 688 F. Supp. 489 (E.D. Wis. 1988) (allowing insurer to intervene and evaluating coverage dispute prior to adjudication on liability).   "[I]n many cases policy defenses are now tried before the liability issue and if the insurance company is successful that ends the matter."   Iowa Nat'l Mut. Ins. Co. v. Liberty Mut. Ins. Co., 168 N.W.2d 610, 614 (Wis. 1969).   Questions about coverage are

resolved in favor of the insured.  See Grube, 496 N.W.2d at 122-23.

In this case, GuideOne initially agreed to defend CCHS under a strict Reservation of Rights.  This Reservation of Rights expressly denied that the policy covered CCHS's claims. GuideOne indicated to CCHS that it intended to seek judicial resolution on the issue of insurance coverage.  GuideOne filed a separate action for declaratory relief on the coverage issue and filed a Motion to Intervene and Stay the Contract Action pending resolution of the coverage issue.  It is clear from the record that GuideOne contests coverage but likewise seeks to comply with its duty to defend.

**B.    The Instant Motions**

1.    Fairview's Motions

Fairview seeks to dismiss the Coverage Action as unripe.   Specifically, Fairview contends that the duty to indemnify is not ripe for adjudication until the issue of liability is resolved.   Indeed, an insurer is in fact liable to indemnify the insured only if the insured is found liable to the injured party.   However, the duty to indemnify is not exclusive from, but is rather interrelated to, the duty to defend.  If there is no duty to defend, then there is likely no duty to indemnify.  See Am. Motorists Ins. Co. v. Trane Co., 544 F. Supp. 669, 691 (W.D. Wis. 1982) ("finding that [insurer] had no duty to defend necessarily includes a finding that, absent additional facts which would alter the scope of the allegations, the insurer has no liability under the policies themselves"); Am. Family Mut. Ins. Co. v. Am. Girl, Inc., 673 N.W.2d 65, 73 (Wis. 2004) ("If it is clear that the policy was not intended to cover the claim asserted, the [coverage] analysis ends there.").   Moreover, if an exclusion under the policy applies, there is no coverage

5

under the policy.  Am. Family Mut. Ins. Co., 673 N.W.2d at 73; Iowa Nat'l Mut. Ins. Co., 168

N.W.2d at 614 (policy defenses may be tried prior to liability "and if the insurance company

is successful that ends the matter").  GuideOne disputes that its policy provides coverage to

CCHS for Fairview's claims.  Because it is possible that resolution of coverage may dispose

of both the duty to defend and the duty to indemnify, the Court finds that it is premature to

conclude that the issue of indemnification is not ripe for review.

Fairview also seeks to stay the Coverage Action pending resolution of the Liability

Action.  Fairview advances the same arguments that are included in its Motion to Dismiss.

However, Wisconsin courts have consistently held that disputes of coverage must be

determined prior to liability.  See e.g., Grube, 496 N.W.2d at 123; Newhouse, 501 N.W.2d at

5-6 ("When this procedure is followed the insurance company runs no risk of breaching its

duty to defend"); Int'l Paper Co. v. City of Tomah, No. 00-539, 2000 WL 34230089 at * 5

(W.D. Wis. Nov. 30, 2000).  Fairview argues that the Court should at least stay the issue of

indemnification until liability is established.  Yet, as noted above, the duty to defend and the

duty to indemnify are interrelated and may be resolved prior to liability.  Fairview further

argues that the duty to defend is not at issue because GuideOne has accepted tender under a

Reservation of Rights.  However, this Reservation of Rights expressly indicates that GuideOne

disputes that the policy provides coverage for CCHS's claims, and thus this Reservation of

Rights does not preclude an adjudication on the issue of coverage, which includes the duty to

defend.[2]   See Mullins' Whey, Inc. v. McShares, Inc., No. 04-C-0130, 2005 WL 1154281 at *

1 (E.D. Wis. May 10, 2005) (insured tendered defense to insurer who accepted but reserved

right to contest coverage, and insurer later contested coverage by intervening); see also Iowa

Nat'l Mut. Ins. Co., 168 N.W.2d at 613 (a reservation of rights does not foreclose insurer from

bringing suit for declaratory relief to determine liability to defend under the terms of the

policy).   Thus, at this time, the Court finds that Fairview's Motion to Stay the Coverage Action

is also premature.[3]

    2.    GuideOne's Motions

GuideOne has filed, and CCHS does not oppose, a Motion to Intervene and Stay the

Liability Action pending resolution of coverage.   In conjunction with this Motion to Intervene

and Stay, GuideOne has also filed, and CCHS does not oppose, a separate declaratory action

on the issue of coverage.[4]

---

[2]   The Court acknowledges that a motion on the issue of coverage may not dispose of the duty to indemnify and that the issue of indemnification may ultimately not be ripe for review.   See Mullins' Whey Inc. v. McShares, Inc., No. 04-C-0130, 2005 WL 1154281 at * 4 n. 4 (E.D. Wis. May 10, 2005) (determining that duty to defend existed and therefore duty to indemnify was unripe); Gardner, 688 F. Supp. at 493 (finding duty to defend existed and deferring ruling on duty to indemnify).

[3]   Fairview also argued that GuideOne's Complaint for declaratory relief failed to state a claim against Fairview.   However, case law indicates that Fairview may be a necessary party. See CFI of Wis., Inc. v. Hartford Fire Ins. Co., – F.R.D. –, No. 05-C-0296-S, 2005 WL 2100535 (W.D. Wis. Aug. 31, 2005).

[4]   The Court does not believe that Wisconsin law required GuideOne to file a Motion to Intervene and Stay and a separate declaratory action.   Rather, GuideOne could have simply filed an Intervenor Complaint seeking declaratory relief on the issue of coverage in the Liability Action.   Regardless, it is clear that GuideOne and CCHS seek judicial resolution on the issue of coverage prior to liability, and it is therefore of no moment that the declaratory

In order to intervene in the Liability Action, GuideOne must demonstrate that: (1) it has a recognized interest in the subject matter of the litigation; (2) this interest must be one that might be impaired by the litigation's disposition; and (3) this interest is not adequately protected by existing parties.  Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 997 (8th Cir. 1993).  The motion must also be timely.  In light of the facts and Wisconsin insurance law and policy, the Court finds that GuideOne has sufficiently satisfied the requirements for intervention.  See Thorson, 219 F.R.D. 623 (similarly finding intervention and stay by insurer appropriate in liability action); Int'l Paper Co., 2000 WL 34230089 (same).

However, the Court finds that intervention is inappropriate.  Rather, the Court finds that consolidating the two actions achieves the most efficient and effective way to resolve and manage this dispute.  Although Fairview is entitled to its "day in court" regarding liability, the issue of coverage between CCHS and GuideOne must precede litigation of Fairview's claims against CCHS.  By consolidating these cases, the Court ensures that both the issue of coverage and liability are dealt with in the most judicially efficient manner and that the interests of all parties are considered in resolution.  Accordingly, the Court denies GuideOne's Motion to Intervene but rather consolidates the actions.

It is further ordered that discovery and motion practice pertaining to the issue of liability between Fairview and CCHS are stayed.  Although the Court acknowledges that this stay delays resolution of Fairview's claims, the Court likewise finds that Wisconsin insurance

_____

action is filed separate from the Liability Action.

law and policy compel this conclusion.   The Court orders that GuideOne file a motion and a supporting memorandum on the issue of coverage within forty-five days of this Order; CCHS and Fairview[5] have twenty days to file a response; and GuideOne has twelve days to submit a reply.[6]   The Court will consider this motion on the papers.   Following the Court's decision, a new pretrial schedule will be issued.

Accordingly, the Court orders the Clerk to consolidate Civil File No. 05-688 into Civil File No. 05-195, and subsequently close Civil File No. 05-688.   The parties are directed to caption all filings under Civil File No. 05-195 (PAM/RLE).   GuideOne shall file a Third-Party Complaint in Civil File No. 05-195 within ten days of this Order.

**CONCLUSION**

In light of Wisconsin insurance law and policy, the Court finds that the relief sought by all parties in the pending motions inappropriate, and therefore the Motions are denied without prejudice.   Accordingly, based on all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Fairview Health Services, Inc.'s Motion to Dismiss the Complaint (Clerk Doc. No. 8) and Motion to Stay (Clerk Doc. No. 13) in Civil File No. 05-688 are **DENIED without prejudice**;

2. GuideOne Elite Insurance Company's Motion to Intervene and Stay (Clerk Doc. No. 11) in Civil File No. 05-195 is **DENIED without prejudice**;

---

[5] Fairview is not required to submit a response but may do so if necessary.

[6] All other Local Rules that govern motion practice apply.

3.     Civil File No. 05-195 and Civil File No. 05-688 are **CONSOLIDATED** into

Civil File No. 05-195 and the Clerk shall close Civil File No. 05-688;

4.     The parties shall caption all filings under Civil File No. 05-195;

5.     GuideOne Elite Insurance Company shall file a Third-Party Complaint in Civil

File No. 05-195 within ten days of this Order; and

6.     The parties shall abide by the briefing schedule and stay as set forth in this

Order.

Dated: _October 14, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge